**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

| | |
|---|---|
| **TEX PAT, LLC,** | |
| *Relator*, | |
| v. | **Civil Action No. 5:10-CV-232** |
| **(1) LONZA LTD.,** | |
| **(2) LONZA INC.,** | |
| **(3) LONZA ROCKLAND, INC., and** | **JURY TRIAL DEMANDED** |
| **(4) LONZA HOUSTON, INC.,** | |
| *Defendants*. | |

## <u>ORIGINAL COMPLAINT FOR FALSE PATENT MARKING</u>

Relator Tex Pat, LLC ("Relator") makes the following allegations against Lonza Ltd., Lonza Inc., Lonza Rockland, Inc., and Lonza Houston, Inc. (collectively, "Lonza" or "Defendant"):

### <u>NATURE OF THE ACTION</u>

1.  This is a *qui tam* action for false patent marking under 35 U.S.C. § 292.

### <u>PARTIES</u>

2.  Relator is a Texas limited liability company, having a principal place of business at 2300 Richmond, Suite 345, Houston, Texas 77098-3265.  Relator has appointed Philip D. Racusin, 2300 Richmond Avenue, Suite 345, Houston, TX 77098-3265, as its agent for service of process.

3.  On information and belief, Lonza Ltd. is a Swiss company, having its principal place of business at Muenchensteinerstrasse 38, CH-4002 Basel, Switzerland. On information and belief, Lonza Ltd. may be served at Muenchensteinerstrasse 38, CH-

4002 Basel, Switzerland, via an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service.

4.   On information and belief, Lonza Inc. is a subsidiary of Lonza Ltd., and is a New York Corporation, having a principal place of business at 90 Boroline Drive, Allendale, New Jersey 07401.  Lonza Inc. has appointed National Corporate Research, Ltd., 10 E. 40th St., 10th Floor, New York, NY 10016, as its agent for service of process.

5.   On information and belief, Lonza Rockland, Inc. is a subsidiary of Lonza Ltd., and is a Delaware corporation with its principal place of business at 191 Thomaston, Street, Rockland, ME 04841-2994.   Lonza Rockland, Inc. has appointed National Corporate Research, Ltd., 615 South Dupont Hwy, Dover, DE 19901, as its agent for service of process.

6.   On information and belief, Lonza Houston, Inc. is a subsidiary of Lonza Ltd., and is a Delaware corporation with its principal place of business at 8066 El Rio St., Houston, TX 77054.  Lonza Houston, Inc. has appointed National Corporate Research, Ltd., 615 South Dupont Hwy, Dover, DE 19901, as its agent for service of process.

## JURISDICTION AND VENUE

7.   This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8.   Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this Forum, including: (i) at least a portion of the false marking, affixing, or advertising alleged herein; and/or (ii) regularly doing or soliciting business, engaging in

other persistent courses of conduct, and/or deriving substantial revenue from goods and/or services provided to individuals in Texas and in this District.

9.   Venue is proper in this district under 28 U.S.C. §§1391(b), 1391(c), and 1395(a). Defendant has and/or continues (and/or has and continues to cause others) to transact business in this District, and has and/or continues (and/or has and continues to cause others) to mark upon, affix to, and/or use in advertising, in this District, the product(s) subject to this Complaint, which Defendant has and/or continues (and/or has and continues to cause others) to make, use, offer for sale, or sell in, and/or import into, this District.

## FACTS

10. Lonza has and/or continues (and/or has and continues to cause others)[1] to mark upon, affix to, and/or use in advertising patents, including, by way of example only, U.S. Patent No. 4,695,548 ("the '548 Patent"), a true and correct copy of which is attached as Exhibit A, in connection with Defendant's products and/or related product packaging and advertisements, including, by way of example only, the InCert® Agarose Gel Plugs and InCert® Agarose products, as illustrated in both Exhibits B-C.

11. The '548 Patent (Exhibit A), which is titled "Gel Inserts Useful in Electrophoresis," was filed in the United States on September 25, 1984 and issued on September 22, 1987.

12. The '548 Patent expired, at the very latest, on September 25, 2004

13. When the '548 Patent expired, all future rights in that patent ceased to exist.

14. Subsequent to expiration of the '548 Patent, Lonza has and/or continues (and/or has and/or continues to cause others) to mark upon, affix to, and/or use in advertising the

---

[1] [1] *See, e.g.*, both Exhibits B-C (indicating documents authored by "Veilleux").

'548 Patent in combination with its InCert® Agarose Gel Plugs and InCert® Agarose products.  *See, e.g.*, Exhibit B (containing product literature, which was available on Lonza's website at or near the time of filing of this original complaint,[2] bearing a copyright date of 2007, having an electronic creation and modification date of March 8, 2008, and marking, affixing, and/or advertising the InCert® Agarose Gel Plugs products in combination with the '548 Patent); Exhibit C (containing  product literature, which was available on Lonza's website at or near the time of filing of this original complaint,[3] bearing a copyright date of 2007, having an electronic creation and modification date of March 8, 2008, and marking, affixing, and/or advertising the InCert® Agarose products in combination with the '548 Patent).

15. Subsequent to the expiration of the '548 Patent, Lonza explicitly indicated that a non-exclusive license for the '548 Patent was granted to every purchaser of the Incert® Agarose products and solicited offers for a license.  *See, e.g.*, Exhibit B at p. 3 (noting that "[t]he purchase of InCert® Agarose provides the purchaser with a nonexclusive license under U.S. Patent No[]. 4,695,548 . . . to make and use gel plugs with InCert® Agarose for any purpose other than resale" and inviting "[a]nyone desiring a license to sell agarose gel plugs . . .[to] contact Lonza for the license terms"); Exhibit C at p. 2 (noting  that "[t]he purchase of InCert® Agarose provides the purchaser with a nonexclusive license under U.S. Patent No[]. 4,695,548 . . . to make and use gel plugs

---

[2] Lonza's website,
www.lonza.com/group/en/products_services/products/catalog_new.ParSys.0007.File0.tmp?path=eshop/Instructions-tech_sheets/Primary_cells-media/electrophoresis/DNA_Standards_in_InCert_Agarose_Gel_Plugs__18672_.pdf (last visited December 17, 2010).

[3] Lonza's website,
www.lonza.com/group/en/products_services/products/catalog_new.ParSys.0007.File0.tmp?path=eshop/Instructions-tech_sheets/Primary_cells-media/electrophoresis/InCert_Agarose__18639_.pdf (last visited December 17, 2010).

with InCert® Agarose for any purpose other than resale" and inviting "[a]nyone desiring a license to make and use gel plugs from other agaroses or to sell agarose gel plugs covered by U.S. Patent No[]. 4695,548 . . . [to] contact Lonza Rockland, Inc for the license terms").

16. Lonza has and/or continues (and/or has and continues to cause others) to mark upon, affix to, and/or use in advertising patents, including, by way of example only, U.S. Patent Nos. 4,322,217 ("the '217 Patent") and 4,510,241 ("the '241 Patent"), true and correct copies of which are attached as Exhibits D-E, respectively, in connection with Defendant's products and/or related product packaging and advertisements, including, by way of example only, the Limulus Amebocyte Lysate (LAL) Kinetic-QCL® and Limulus Amebocyte Lysate (LAL) QCL-1000® products, as illustrated in Exhibits F-G, respectively.

17. The '217 Patent (Exhibit D), which is titled "Process for Preparing Limulus Lysate," was filed in the United States on April 14, 1981 and issued on March 30, 1982.

18. The '217 Patent expired, at the very latest, on April 14, 2001.

19. The '241 Patent (Exhibit E), which is titled "Peptide-Type Substrates Useful in the Quantitative Determination of Endotoxin," was filed in the United States on June 24, 1983 and issued on April 9, 1985.  The '241 Patent is a Division of S/N 298,994, filed September 3, 1981.

20. The '241 Patent expired, at the very latest, on April 9, 2002.

21. When the '217 Patent and the '241 Patent expired, all future rights in those patents ceased to exist.

22. Subsequent to the expiration of the '217 Patent and the '241 Patent, Lonza has and/or continues (and/or has and/or continues to cause others) to mark upon, affix to, and/or use in advertising the '217 Patent and the '241 Patent, in combination with the Limulus Amebocyte Lysate (LAL) Kinetic-QCL® products.  *See, e.g.*, Exhibit F (containing, in part, product literature, which was available on Lonza's website at or near the time of filing of this original complaint,[4] bearing a printed on date of December 2007, having an electronic creation and modification date of January 22, 2008, and marking, affixing, and/or advertising the Limulus Amebocyte Lysate (LAL) Kinetic-QCL® products in combination with the '217 Patent and the '241 Patent).

23. Subsequent to the expiration of the '217 Patent and the '241 Patent, Lonza has and/or continues (and/or has and/or continues to cause others) to mark upon, affix to, and/or use in advertising the '217 Patent and the '241 Patent, in combination with its Limulus Amebocyte Lysate (LAL) QCL-1000® products.  *See, e.g.*, Exhibit G (containing, in part, product literature, which was available on Lonza's website at or near the time of filing of this original complaint,[5] bearing a printed on date of December 2007, having an electronic creation and modification date of January 22, 2008, and marking, affixing, and/or advertising the Limulus Amebocyte Lysate (LAL) QCL-1000® products in combination with the '217 Patent and the '241 Patent).

24. Lonza has and/or continues (and/or has and continues to cause others)[6] to mark upon, affix to, and/or use in advertising patents, including, by way of example only, U.S.

---

[4] Lonza's website, www.lonza.com/group/en/products_services/products/catalog_new.ParSys.0007.File0.tmp?path=eshop/Instructions/Endotoxin_Detection/710572-500650U_20PG.pdf (last visited December 17, 2010).
[5] Lonza's website, www.lonza.com/group/en/products_services/products/catalog_new.ParSys.0007.File0.tmp?path=eshop/Instructions/Endotoxin_Detection/802589-LONZA_INSERT_20PG.pdf (last visited December 17, 2010).
[6] *See* Exhibit I (indicating document authored by "Veilleux").

Patent No. 3,956,273 ("the '273 Patent"), a true and correct copy of which is attached as Exhibit H, in connection with Defendant's products and/or related product packaging and advertisements, including, by way of example only, the I.D.NA® Agarose products, as illustrated in Exhibit I.

25. The '273 Patent (Exhibit H), which is titled "Modified Agarose and Agar and Method of Making Same," was filed in the United States on September 20, 1973 and issued on May 11, 1976.  The '273 Patent is a continuation of S/N 150,778, filed June 7, 1971.

26. The '273 Patent expired, at the very latest, on May 11, 1993.

27. When the '273 Patent expired, all future rights in that patent ceased to exist.

28. Subsequent to the expiration of the '273 Patent, Lonza has and/or continues (and/or has and/or continues to cause others) to mark upon, affix to, and/or use in advertising the '273 Patent, in combination with the I.D.NA® Agarose products.  *See, e.g.*, Exhibit I (containing product literature, which was available on Lonza's website at or near the time of filing of this original complaint,[7] bearing a copyright date of 2007, having an electronic creation and modification date of March 8, 2008, and marking, affixing, and/or advertising the I.D.NA® Agarose products in combination with the '273 Patent).

29. Lonza has and/or continues (and/or has and continues to cause others)[8] to mark upon, affix to, and/or use in advertising patents, including, by way of example only, U.S. Patent No. 4,415,428 ("the '428 Patent"), a true and correct copy of which is attached as

---

[7] Lonza's website,
www.lonza.com/group/en/products_services/products/catalog_new.ParSys.0007.File0.tmp?path=eshop/Instructions-tech_sheets/Primary_cells-media/electrophoresis/IDNA_Agarose__18914_.pdf (last visited December 17, 2010).
[8] *See, e.g.*, Exhibit K (indicating document authored by "Veilleux").

Exhibit J, in connection with Defendant's products and/or related product packaging and advertisements, including, by way of example only, the GelBond® PAG Film products, as illustrated in Exhibit K.

30. The '428 Patent (Exhibit J), which is titled "Support for Electrophoresis and Method of Producing Same," was filed in the United States on January 27, 1982 and issued on November 15, 1983.

31. The '428 Patent expired, at the very latest, on January 27, 2002.

32. When the '428 Patent expired, all future rights in that patent ceased to exist.

33. Subsequent to the expiration of the '428 Patent, Lonza has and/or continues (and/or has and/or continues to cause others) to mark upon, affix to, and/or use in advertising the '428 Patent, in combination with its GelBond® PAG Film products.  *See, e.g.*, Exhibit K (containing product literature, which was available on Lonza's website at or near the time of filing of this original complaint,[9] bearing a copyright date of 2007, having an electronic creation and modification date of March 8, 2008, and marking, affixing, and/or advertising the GelBond® PAG Film products in combination with the '428 Patent).

34. Lonza is a large, sophisticated compan**y.**

35. Lonza has, and routinely retains, sophisticated legal counsel.  *See, e.g.*, Exhibit L (containing Lonza's Industrial Property Rights (IPR) – Policy, indicating that, "Lonza is determined to actively defend, protect and enforce its IPR (patents, trademarks, licenses) by pursuing infringers and by opposing interfering patents and trademarks").

---

[9] Lonza's website, www.lonza.com/go/shopdata/IMS_DOCS/DF/DF369AD37F106BF18852001A4B525E10.pdf  (last visited December 17, 2010).

36. Lonza has decades of experience applying for, obtaining, licensing, and/or litigating patents.  *See, e.g.*, <u>Exhibit L</u> ("[L]onza actively pursues patent protection for the inventions arising from its R&D activities."); *see also id*. ("At Lonza, licensing is considered an important tool to either generate revenues, or to expand the technology platforms.").

37. Lonza knows, and at the very least reasonably should know, that the above expired patents do not cover any of the accused Lonza products, or any products whatsoever.  *See, e.g.*, <u>Exhibit L</u> ( "Lonza's patent portfolio is reviewed on a regular basis in order to determine which patents may be released for license or sale, or which may be abandoned, thus achieving an optimized cost/value balance of the portfolio.").

38. As a result of its false marking, Lonza has injured the United States Government, including its sovereign interest, and Defendant's existent and potential competitors, as well as the general public, including Relator—a member of the general public incurring the time and expense associated with enforcement.  *See, e.g.*, <u>Exhibit L</u> ("Lonza is fully aware of the value residing in its patents, trademarks, know-how and technology licenses which form the IPR portfolio that enables Lonza to enhance its competitive position, the commercial exploitability of its technologies, and to generate benefits for itself and for its customers."); *id*. ("Patents provide a decisive competitive advantage and constitute the best possible protection of Lonza's proprietary processes and products.").

<u>**CLAIM**</u>

39.     Relator incorporates paragraphs 1–38, as if fully set forth herein.  Lonza has violated 35 U.S.C. § 292 by falsely marking, affixing, and/or advertising its products, including its InCert$^{®}$ Agarose Gel Plugs, InCert$^{®}$ Agarose, Limulus

Amebocyte Lysate (LAL) Kinetic-QCL®, Limulus Amebocyte Lysate (LAL) QCL-1000®, I.D.NA® Agarose, and GelBond® PAG Film products, with intent to deceive the public.

## **PRAYER FOR RELIEF**

WHEREFORE, Relator respectfully requests that this Court enter:

(a).    A judgment in favor of Relator that Defendant has falsely marked items in violation of 35 U.S.C. § 292;

(b).    A monetary award pursuant to 35 U.S.C. § 292 in the form of a civil fine of $500 per falsely marked article, or an alternative amount, as set by the Court, one-half of any such award to be paid to the United States;

(c).    An accounting for any falsely marked articles not presented at trial and a monetary award set by the Court for such falsely marked articles;

(d).    An award of pre-judgment and post-judgment interests on any monetary award;

(e).    An injunction prohibiting Defendant, and its officers, directors, agents, servants, employees, attorneys, licensees, successors, and assigns, and those in active concert or participation with any of them, from violating 35 U.S.C. §292; and

(f).    Any and all other relief, at law or equity, to which Relator may show itself to be entitled.

## **DEMAND FOR JURY TRIAL**

Relator, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: December 18, 2010            Respectfully submitted,

By: /s/ Hao Ni
Hao Ni – LEAD COUNSEL
State Bar No. 24047205
Ni Law Firm PLLC
3102 Maple Avenue, Suite 400
Dallas, TX 75201
(214) 800-2208
hni@nilawfirm.com

Tyler K. Brochstein
State Bar No. 24059490
Brochstein Law Firm, PLLC
2820 McKinnon Street, Suite 4063
Dallas, TX 75201
(214) 444-3310
tyler@brochlaw.com

Jack L. Siegel
State Bar No. 24070621
Jack L. Siegel PLLC
3530 Travis Street, Suite 421
Dallas, TX 75204
(214) 699-1498
jack@jlsiegellaw.com

**Attorneys for Relator**
**TEX PAT, LLC**